UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DOROTHY THOMURE, individually and on behalf of all others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) SRG GLOBAL COATINGS, LLC, ) d/b/a SRG GLOBAL FARMINGTON, ) ) Defendant. ) | Case No. 4:23CV375 HEA |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Strike Affirmative Defenses, [Doc. No. 14]. Defendant opposes the Motion. For the reasons set forth below, the motion will be denied.

### Facts and Background

This putative class action case alleges that Defendant released hazardous chemicals and metals into the environment and surrounding properties around Defendant's facility located in Farmington, Missouri. Plaintiff claims the release of the chemicals and metals has caused injury to Plaintiff and the putative members of the class. Plaintiff has brought claims of negligence, private nuisance, medical monitoring, and trespass against Defendant. Plaintiff brings the Motion to Strike to strike Defendant's affirmative defenses, arguing that the affirmative defenses are insufficiently pled and fail to comply with Federal Rule of Civil Procedure 8(c).

### Standard

Federal Rule of Civil Procedure 12(f) allows a court to "strike from a pleading any redundant, immaterial, impertinent, or scandalous matter." A court is given liberal discretion under Rule 12(f), however, motions to strike are viewed with disfavor and rarely granted. *Lucas v. Jerusalem Café, LLC*, 2011 WL 1364075, *1 (W.D.Mo. April 11, 2011); citing *Associated Indem. Corp. v. Small*, 2007 WL 844773 (W.D.Mo. Mar. 19, 2007); *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir.1977). Specifically, a motion to strike directed to affirmative defenses should be granted only when "the affirmative defense is so deficient that it fails to fairly present a question of law or fact which the court ought to hear and that deficiency causes prejudice to the moving party." *Knapp v. FAG Bearings*, 2021 WL 3771793, at *2 (W.D. Mo. Aug. 24, 2021) quoting *Lunsford*, 570 F.2d at 229.

## Discussion

Motions to strike affirmative defenses are disfavored, and, in fact, they are "rarely granted." *Lucas*, 2011 WL 1364075, *1 (citations omitted). Under Rule 8(b)(1)(A), a defendant is required "state in short and plain terms its defenses to each claim asserted against it." While the Supreme Court issued its opinions in *Iqbal* and *Twombly* that created the plausibility standard, "[n]either the Supreme Court nor the Eighth Circuit have addressed the applicability of the plausibility standard to insufficient defenses." *Jennings v. Nash*, 2019 WL 286750, *2 (W.D.Mo. January 19, 2019).

Recently the Eighth Circuit Court of Appeals has determined that a party need only make a "bare assertion" to plead an affirmative defense. *Crutcher v. MultiPlan, Inc.*, 22 F.4th 756 (8th Cir. 2022). The Rule 8(c) pleading requirement is intended to give the opposing party both notice of the affirmative defense and an opportunity to rebut it, but the Eighth Circuit declined to adhere to a construction of the Rule that would privilege "form over substance." *Id*. at 765-66 citing *First Union Nat'l Bank v. Pictet Overseas Tr. Corp.*, 477 F.3d 616, 622 (8th Cir. 2007). The purpose of an affirmative defense is to prevent unfair surprise. *Id*. at 766. The "bare assertion" of a defense that is not "articulated with any rigorous degree of specificity" is sufficient. *Id*. citing *Zotos v. Lindbergh Sch. Dist.*, 121 F.3d 356, 361 (8th Cir. 1997)) (citations omitted).

Plaintiff has not argued any basis for striking these affirmative defenses other than they fail to include any factual allegations to support them. Under the "bare assertions" standard, Defendant's affirmative defenses are sufficient.

Furthermore, Plaintiff makes no argument or showing that these affirmative defenses prejudice Plaintiff in any way. Therefore, the Court finds no basis on which to strike Defendant's affirmative defenses.

## Conclusion

Based upon the recently decided *Crutcher* decision, Plaintiff's Motion to Strike Defendant's affirmative defenses is without merit.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Strike Affirmative Defenses, [Doc. No. 14], is **denied**.

Dated this 4th  day of January,  2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE